JAMES E. SELLERS, Admr., &c., v. ENOCH N. TALBY et al.

1. EXECUTOR AND ADMINISTRATOR: WHAT NOTICE REQUISITE, UPON APPLICATION, TO SELL LAND.—Under the Act of 1854, ch. 2, § 1, the time prescribed for the publication of notice to a non-resident heir, of the application of the administrator to sell land, for the payment of the debts of the intestate, is four consecutive weeks.
2. SAME.—If publication of notice of an application by an administrator to sell land, be made for the time prescribed by law, it will be sufficient, although the interlocutory order of the Probate Court, directed that the publication should be made for a longer period.

IN error from the Circuit Court of Copiah county. Hon. John E. McNair, judge.

John D. Freeman, for plaintiff in error.

Harris & Harris, contra.

HANDY, J., delivered the opinion of the court.

The plaintiff in error brought this action to recover the amount of a bond, executed by the defendants for the purchase-money of a tract of land, sold by the plaintiff in virtue of a decree of the Probate Court, rendered upon a representation of the insolvency of the personal estate of the intestate. The defence was placed solely on the ground of insufficiency of the notice of publication to a non-resident heir of the intestate.

It appears by the record, that by the interlocutory decree of the Probate Court, the citation, by way of notice to the non-resident

party, was ordered to be published in the Gallatin Argus, a newspaper in this State, for the period of thirty days; but the proof of the publication, exhibited in the record, shows that it was made in the newspaper for four consecutive weeks: the first insertion being on the 1st day of September, 1854, the second on the 8th of the same month, the third on the 15th of the same month, and the fourth on the 22d of the same month; and the final decree ordering the sale, recites that it appeared to the court that the citation had been published in the newspaper "for the space of thirty days." Upon this state of facts, the court instructed the jury in effect, that the publication of the citation was insufficient, and that the decree ordering the sale was void, and that no title passed by the sale under it to the purchaser. And thereupon judgment was rendered for the defendants.

The question is, whether the publication was made for the period of time required by law. The Act of 1854, ch. 2, § 1, provides that, in such cases, "it shall only be necessary to publish such notice for the space of four consecutive weeks." This proceeding took place after the passage of that statute, which operated as a repeal of the statute of 1821 (Hutch. Code, 666), requiring thirty days' publication in such cases: and it is plain that the publication was sufficient under the Act of 1854.

Nor is it a valid objection to the publication, that it was not in conformity to the interlocutory decree; because, though the decree be considered as erroneous, in requiring publication for a greater length of time than that prescribed by the statute governing the subject, yet that which the law required was really done in the publication, and no prejudice was done to the legal rights of the non-resident party, as he had the notice which the law allowed him. But moreover, supposing the decree to be correct and proper, in requiring publication for thirty days, it does not prescribe in what manner it is to be made. That is regulated by the statute, which provides that it shall be sufficient to publish it "for the space of four consecutive weeks." It appears that the final decree, ordering the sale, was not made until 19th October, 1854, at which time more than thirty days had elapsed from the time of the first publication; so that according to the rule of publication prescribed by

the statute, publication had been made for thirty days before the decree was made.

We think that the publication in question was sufficient, and that the decree was valid.

The judgment is therefore reversed, and the case remanded for a new trial.